## MICHAEL L. HUNT, Respondent, v. THE CITY OF OSWEGO, Appellant.

*Costs — when not allowed in an action against a municipal corporation — Code of Civil Procedure, sec. 3245.*

The treasurer of the city of Oswego is " the chief fiscal officer of the corporation", within the meaning of those words as used in section 3245 of the Code of Civil Procedure, providing that costs cannot be awarded to the plaintiff, in an action against a municipal corporation, in which the complaint demands a judgment for a sum of money only, unless the claim upon which the action is founded was, before the commencement of the action, presented for payment to its chief fiscal officer.

*Fisher* v. *Village of Cortland* (42 Hun, 173) followed.

Appeal from an order made by the Oswego Special Term denying a motion made by the defendant to set aside the taxation of costs, and to disallow costs to the plaintiff, because it was alleged the plaintiff had not complied with section 3245 of the Code of Civil Procedure, before the commencement of the action.

The action was brought to recover damages occasioned to the plaintiff's garden by the defendant's negligently flooding it by the improper construction of sewers and street gutters. The complaint demanded a judgment for a sum of money only.

Plaintiff recovered a verdict at the Circuit for $150. It was shown that the plaintiff's claim was presented to the common council of the city of Oswego July 21, 1885, and that this action was brought January 5, 1886.

*E. B. Powell*, for the appellant.

*W. H. Kenyon*, for the respondent.

Hardin, P. J.:

By section 15 of chapter 127 of the laws of 1877, it is provided, viz: "All claims against the city for damage or injury alleged to have arisen from the defective, unsafe or dangerous or obstructed condition of any street, crosswalk, sidewalk, culvert or bridge of the city, or from negligence of the city authorities in respect to any such street, crosswalk, sidewalk, culvert or bridge shall, within three months after the happening of such damage or injury be

presented to the common council by a writing signed by the claim-
ant and properly verified describing the time, place, cause and
extent of the damage or injury. The omission to present such
claim as aforesaid within said three months shall be a bar to any
action or proceeding therefor against the city."

Under that section it was a condition precedent to the right of
recovery, that the claim snould be presented to the common council.
Nothing is found in the section relating in terms to costs of any
such action. The section does not, therefore, relate to the same
subject-matter as that embraced in section 3245 of the Code of
Civil Procedure. That section provides, viz: " Costs cannot he
awarded to the plaintiff in an action against a municipal corporation,
in which the complaint demands a judgment for a sum of money
only unless the claim upon which the action is founded was, before
the commencement of the action, presented for payment to the
chief fiscal officer of the corporation."

By chapter 463 of the Laws of 1860, relating to the city of
Oswego, the powers and duties of the treasurer of the city of Oswego
are defined, and the provisions relating thereto are very similar to
those found in chapter 406 of the laws of 1864, relating to the vil-
lage of Cortland. In *Fisher* v. *The Village of Cortland* (42 Hun,
173), we held that the treasurer of that village is " the chief fiscal
officer of the corporation," within the meaning of the words as used
in section 3245, of the Code of Civil Procedure. Following our
decision there made we must hold that the plaintiff, in the case in
hand, failed to comply with the requirements of section 3245, of
the Code of Civil Procedure, and that that section relates to actions
*ex delicto*. In accordance with our opinion in the case last referred
to we must hold that the treasurer is the chief fiscal officer, and
that that section of the Code applies to actions of the character of
the one now before us, until the contrary shall be declared by the
Court of Appeals.

Since the argument of the case now before us, our attention has
been directed to *Taylor* v. *The City of Cohoes* (35 Alb. Law Jour.,
354), decided March 8, 1887. By an inspection of the opinion
delivered in that case, it appears the decision was rested upon
chapter 262 of the Laws of 1859, and the opinion states, among
other things, viz.: " It has not yet been decided that under the

section of the Code (3245), in an action of this nature, a presentation of the claim must be made in accordance with its provisions before the commencement of the action, on pain of being deprived of costs, if the plaintiff be successful.". We must, therefore, adhere to the conclusion reached in *Fisher* v. *The Village of Cortland* (*supra*).

The order of the Special Term should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

BOARDMAN and FOLLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.